FILED
DECEMBER 21, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GAVIN BURKE, | ) | **07 C 7207** |
| Plaintiff, | ) | |
| v. | ) | Case No. _____ |
| BARD ACCESS SYSTEMS, INC., a foreign corporation, | ) | |
| Defendant. | ) | **JUDGE NORDBERG**<br>**MAGISTRATE JUDGE SCHENKIER** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, Defendant, BARD ACCESS SYSTEMS, INC. (hereinafter "BAS"), hereby removes the above-captioned matter from the Circuit Court of Lake County, Illinois to this Court. In support of this removal, Defendant states as follows:

### The Removed Case

1.  This case was filed on or about November 21, 2007, in the Circuit Court of Lake County, Illinois, captioned *Gavin Burke v. Bard Access Systems, Inc.*, Docket No. 2007 L 0939.

2.  As is required by 28 U.S.C., § 1446(a), attached hereto as Exhibit A, all copies of process, pleadings and orders served upon the Defendant in the removed case.

### Removal is Timely

3.  The Summons and Complaint were served on November 30, 2007. This Notice of Removal is filed within thirty (30) days of service of the summons and complaint, and it is therefore timely under 28 U.S.C. § 1446(b).

**Venue is Proper in This Court**

4.  This Court is the United States District Court for the district and division in which the state court action referenced in paragraph 1 above is pending, which makes this Court the appropriate place for filing this Notice of Removal pursuant to U.S. C. §§ 1446(a).

**Diversity of Citizenship Exists**

5.  This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

6.  Upon information and belief, Plaintiff, Gavin Burke, was at the time of the filing of this action, a citizen of the State of Illinois.

7.  Defendant BAS is not a citizen of Illinois. BAS is, and at the time of the filing of this action was, incorporated in Utah with its principal place of business in Salt Lake City, Utah.

8.  Because the Plaintiff is a citizen of Illinois and the Defendant is not, complete diversity of citizenship exists under 28 U.S.C. § 1332.

**The Amount in Controversy Has Been Satisfied**

9.  The monetary value of the amount in controversy exceeds $75,000, exclusive of interests and costs.

10. Plaintiff seeks damages arising from injuries sustained as a result of the implant of a catheter that allegedly fractured. *See* Exhibit A, Complaint, ¶5, p. 2.

11. The face of the Complaint makes clear that Plaintiff seeks damages in excess of $75,000. Plaintiff alleges that the product at issue caused him severe and permanent injuries. *See* Exhibit A, Complaint, ¶7, p. 2. Plaintiff further alleges that he has and will incur hospital and medical bills, continue to endure pain and suffering and "lost large sums of money by reason

of the inability to pursue normal gainful employment and plaintiff's ability to earn a livelihood has been permanently impaired." *See* Exhibit A, Complaint, ¶7, p. 2.

12. Plaintiff admits that he seeks damages in excess of the jurisdictional limit in the Law Division of the Circuit Court of Lake County, which is $50,000. *See* Exhibit A, Complaint, pgs. 2 and 3.

13. It is clear from the Complaint that there is a "reasonable probability" that more than $75,000 is in controversy. *Shaw v. Dow Brands*, 994 F.2d 364, 366 n.2 (7th Cir. 1993). A common-sense reading of the Complaint demonstrates that the injury alleged is severe and resulted in emergency surgery, permanent injuries and wage loss. *McCoy v. General Motors Corp*, 226 F.Supp.2d 939, 941-2 (N.D. Ill. 2002).

14. Based on the totality of these factors, Defendant has a good faith belief that the amount in controversy meets the jurisdictional requirement.

**Filing of Removal Papers**

15. Pursuant to 28 U.S.C. § 1446(d), simultaneously with removing this action to this Court, the Defendant is providing written notice of removal to the Plaintiff's counsel, and filing a Notice of Filing of Notice of Removal with the Circuit Court of Lake County, Illinois. A true and correct copy of this Notice of Filing of Notice of Removal is attached hereto as Exhibit B.

Respectfully submitted,

SEGAL MCCAMBRIDGE SINGER & MAHONEY

By: /s/ Kimberly A. Kayiwa
One of the Attorneys for Defendant
P. Mark Crane, Esq.
Kimberly A. Kayiwa, Esq.
233 South Wacker Drive, Suite 5500
Chicago, Illinois 60606

891009.1

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
11/30/2007
CT Log Number 512838326



TO: Nadia C Bernstein, General Counsel
C. R. Bard, Inc.
730 Central Avenue
New Providence, NJ 07974

RE: **Process Served in Utah**

FOR: Bard Access Systems, Inc. (Domestic State: UT)



RECEIVED DEC 0 3 2007 C.R. BARD, INC. LAW DEPT

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Gavin Burke, Pltfs. vs. Bard Access Systems, Inc., etc., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint |
| COURT/AGENCY: | Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, IL<br>Case # 07L0939 |
| NATURE OF ACTION: | Personal Injury - Negligence - Carelessly and negligently produced and sold a product which has unreasonably dangerous for its intended use. |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Salt Lake City, UT |
| DATE AND HOUR OF SERVICE: | By Process Server on 11/30/2007 at 10:43 |
| APPEARANCE OR ANSWER DUE: | Within 30 days |
| ATTORNEY(S) / SENDER(S): | Markham M. Jeep & Associates, P.C.<br>450 N. Green Bay Road<br>Waukegan, IL 60085<br>847-360-3300 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 791445714142 |
| SIGNED:<br>ADDRESS:<br><br><br>TELEPHONE: | C T Corporation System<br>136 East South Temple<br>Suite 2100<br>Salt Lake City, UT 84111<br>801-364-5101 |

Page 1 of 1 / KM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT A

**SUMMONS**

DEC 0 3 2007
C.R. BARD, INC.
LAW DEPT

**IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS**

GAVIN BURKE )
_____ )
_____ )
_____ )
_____ )
_____ )
                Plaintiffs )
                          )  No. 07L0939
vs.                       )
                          )  Please serve: CT Corporation System,
BARD ACCESS SYSTEMS, INC., )  R/A for:
a foreign corporation,    )  BARD ACCESS SYSTEMS, INC.
_____ )    136 E. Temple, #2100
_____ )    Salt Lake City, Utah 84111
_____ )
_____ )
                Defendants )

Served / Relationship / Time / Date 11/30/07 / Address / Constable Services 661-4278

To each of the above-named defendants:

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

SEAL OF COURT

WITNESS SALLY D. COFFELT, Clerk of said Circuit Court, and the seal thereof at Waukegan, Illinois, this _____ day of NOV 21 2007 A.D., 20 _____

SALLY D. COFFELT, Clerk

Plaintiff's Attorney:
(or plaintiff, if he be not represented by attorney)  Markham M. Jeep & Associates, P.C.

Date of Service: _____, 20 _____
(To be inserted by officer on copy left with defendant or other person.)

Address 450 N. Green Bay Road
Telephone Waukegan IL 60085
(847) 360-3300

171-138 Rev 8/00

```
                            ( Service and return ...................$_____
                            (
SHERIFF'S FEES              ( Miles_____                  .........$_____
                            (
                            ( Total.........................................$_____
                                                    _____
                                                    Sheriff of _____ County
```

I certify that I served this summons on defendants as follows:
(a)-(Individual defendants – personal):
(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant).

_____

_____

_____

(b)-(Individual defendants – abode):
By leaving a copy of the complaint at the usual place of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons. (The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person).

_____

_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:
Name of defendant                    Mailing Address                    Date of mailing

_____

_____

(c)-(Corporate defendants):
By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:
Defendant corporation         Registered agent, officer or agent         Date of Service

_____

_____

(d)-(Other service):

_____

_____

                                              _____, Sheriff of _____ County

                                                                 By: _____
                                                                            (Deputy)

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

| | |
|---|---|
| GAVIN BURKE, | ) |
| Plaintiff, | ) RAYMOND J. McKOSKI |
| | ) |
| vs. | ) GEN. NO.   07L0939 |
| | ) |
| BARD ACCESS SYSTEMS, INC., a foreign corporation, | ) |
| | ) |
| Defendant. | ) |

FILED NOV 2 1 2007

### COMPLAINT AT LAW

NOW COMES the Plaintiff, GAVIN BURKE, by and through his attorneys, MARKHAM M. JEEP & ASSOCIATES, P.C., and complaining of the Defendant, BARD ACCESS SYSTEMS, INC., states as follows:

### Count I - Negligence

1. That on November 28, 2005 and for a long time prior thereo, the defendant, BARD ACCESS SYSTEMS, INC., was engaged in business as a manufacturer of certain medical equipment including what is known as a "Port-a-Cath" which it sold and distributed under the trade name "XPort w/Hickman Catheter", Bard Product Code #0607655.

2. That on an unknown date the defendant sold and delivered one of the aforementioned Port-a-Caths to Evanston Hospital.

3. That on November 4, 2005, plaintiff, GAVIN BURKE, underwent a procedure to surgically implant said Port-a-Cath while a patient at Evanston Hospital.

4. That at the aforesaid time the Port-a-Cath was in substantially the same condition as when it was sold and released into the stream of commerce by the defendant, BARD ACCESS SYSTEMS, INC.

NOTICE BY LOCAL RULE 3.12
THIS CASE IS HEREBY SET FOR A SCHEDULING CONFERENCE IN COURTROOM 305 ON 3-18 2008 AT 9:00 PM FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

5. That on November 28, 2005, plaintiff, GAVIN BURKE, was at Glenbrook Hospital in Glenview, Illinois undergoing a routine medical procedure utilizing said Port-a-Cath for its intended use, when the catheter fractured. Plaintiff underwent immediate emergency surgery to remove the catheter.

6. That the catheter was unreasonably dangerous from the time it left the possession of the defendant to and including the date of the occurrence and, therefore, the defendant was guilty of one or more or all of the following negligent acts or omissions to act, to-wit:

    (a)    carelessly and negligently produced and sold a product which was unreasonably dangerous for its intended use;

    (b)    carelessly and negligently failed to inspect the product in order to prevent defective products from reaching the plaintiff or other consumers;

    (c)    carelessly and negligently failed to warn the plaintiff of the risks inherent in the use of the defective product.

7. That as a direct and proximate result of one or more or all of the foregoing negligent and careless acts or omissions, the plaintiff was severely and permanently injured. In seeking to be cured of those injuries, plaintiff has incurred and will likely incur substantial hospital and medical bills. Plaintiff has also endured and will continue to endure pain and suffering as a result of defendant's negligent acts. The plaintiff has lost large sums of money by reason of the inability to pursue normal gainful employment and plaintiff's ability to earn a livelihood has been permanently impaired.

WHEREFORE, the Plaintiff, GAVIN BURKE, demands judgment against the Defendant, BARD ACCESS SYSTEMS, INC., for a sum in excess of $50,000, being the minimum jurisdictional limit of the Law Division of the Nineteenth Judicial Circuit, County of Lake, State of Illinois, and for costs of suit.

### Count II – Strict Liability – Product Defect

1-5. Plaintiff repeats and realleges paragraphs one (1) through five (5) of Count I of his Complaint at Law as and for paragraphs one (1) through five (5) of Count II of his Complaint at Law, as though fully set forth herein.

6. That at the time the aforesaid Port-a-Cath was designed, manufactured, distributed and sold by the defendant, BARD ACESS SYSTEMS, INC., and at the time of the occurrence alleged herein, the

Port-a-Cath was defective and, therefore, not reasonably safe in one or more or all of the following respects:

    (a)    the catheter broke completely at the 13 cm. depth marker and was made of inferior or adulterated materials;

    (b)    one-half of the 13 cm. depth marker was worn, indicating improper product assembly or shipping or packaging.

7. That the Port-a-Cath which is the subject of this claim was returned to the manufacturer and has been maintained in the sole care, custody and control of BARD ACCESS SYSTEMS, INC. and has not been available for inspection or evaluation by plaintiff or his agents.

8. That as a direct and proximate result of one or more or all of the aforesaid defects, or as a result of unknown defects, the plaintiff was severely and permanently injured. In seeking to be cured of those injuries, plaintiff has incurred and will likely incur substantial hospital and medical bills. Plaintiff has also endured and will continue to endure pain and suffering as a result of defendant's negligent acts. The plaintiff has lost large sums of money by reason of the inability to pursue normal gainful employment and plaintiff's ability to earn a livelihood has been permanently impaired.

WHEREFORE, the Plaintiff, GAVIN BURKE, demands judgment against the Defendant, BARD ACCESS SYSTEMS, INC., for a sum in excess of $50,000, being the minimum jurisdictional limit of the Law Division of the Nineteenth Judicial Circuit, County of Lake, State of Illinois, and for costs of suit.

                                                                                                                      _____

Markham M. Jeep & Associates, P.C.                                      MARKHAM M. JEEP
450 N. Green Bay Road                                                     Attorney for Plaintiff
Waukegan, IL 60085
(847) 360-3300
#03125130

IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| GAVIN BURKE,<br><br>   Plaintiff,<br><br>v.<br><br>BARD ACCESS SYSTEMS, INC., a foreign corporation,<br><br>   Defendant. | Case No.: 07-L-0939 |

## NOTICE OF FILING

TO: Markham M. Jeep, Markham M. Jeep & Associates, P.C., 450 N. Green Bay Road Waukegan, Illinois 60085

PLEASE TAKE NOTICE that on December 21, 2007, we filed with the Clerk of the Circuit Court of Lake County, Illinois, **Defendant's Notice of Removal to the United States District Court for the Northern District of Illinois**, a copy of which is attached hereto. Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court for the Northern District of Illinois, together with the filing of a copy of that Notice of Removal with this Court, effected the removal of this action, and no further proceedings in this action may be had in the Circuit Court of Lake County, Illinois, unless and until the action is remanded.

       SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

       By: _____
       P. Mark Crane, Esq.
       Kimberly A. Kayiwa, Esq.
       233 S. Wacker Drive - Suite 5500
       Chicago, Illinois 60606
       *Attorneys for Bard Access Systems, Inc.*



EXHIBIT B

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she caused a true and correct copy of the foregoing document to be served upon:

Markham M. Jeep
MARKHAM M. JEEP & ASSOCIATES, P.C.
Attorneys for Plaintiff
450 N. Green Bay Road
Waukegan, IL  60085

via U.S. Mail on this 21st day of December, 2007.

*Kimberly A. Kayiwa*
Kimberly A. Kayiwa

2