UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAVIN BURKE, )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>BARD ACCESS SYSTEMS, INC., )<br>a foreign corporation, )<br> )<br> Defendant. ) | Case No. 07 C 7207<br>Judge Nordberg<br>Magistrate Judge Schenkier |

**BARD ACCESS SYSTEMS, INC.'S ANSWER TO**
**PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES Defendant, BARD ACCESS SYSTEMS, INC., (hereinafter "BAS"), by and through its attorneys, Segal McCambridge Singer & Mahoney, Ltd., and in Answer to Plaintiff, GAVIN BURKE'S Complaint, states as follows:

**COUNT I – Negligence**

1. That on November 28, 2005 and for a long time prior thereto, the defendant, BARD ACCESS SYSTEMS, INC., ("BAS") was engaged in business as a manufacturer of certain medical equipment including what is known as a "Port-a-Cath" which it sold and distributed under the trade name "XPort w/Hickman Catheter," Bard Product Code #0607655.

**ANSWER:** Defendant admits that, on November 28, 2005, it was engaged in business as a manufacturer, seller and distributor of certain medical devices, including the X-Port catheter, Product Code #0607655. BAS denies the remainder of the allegations in paragraph 1.

2. That on an unknown date the defendant sold and delivered one of the aforementioned Port-a-Caths to Evanston Hospital.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within paragraph 2.

3. That on November 4, 2005, plaintiff, GAVIN BURKE, underwent a procedure to surgically implant said Port-a-Cath while a patient at Evanston Hospital.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within paragraph 3.

4. That at the aforesaid time the Port-a-Cath was in substantially the same condition as when it was sold and released into the stream of commerce by the defendant, BARD ACCESS SYSTEMS, INC.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within paragraph 4.

5. That on November 28, 2005, plaintiff, GAVIN BURKE, was at Glenbrook Hospital in Glenview, Illinois undergoing a routine medical procedure utilizing said Port-a-Cath for its intended use, when the catheter fractured.  Plaintiff underwent immediate emergency surgery to remove the catheter.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within paragraph 5.

6. That the catheter was unreasonably dangerous from the time it left the possession of the defendant to and including the date of the occurrence and, therefore, the defendant was guilty of one or more or all of the following negligent acts or omissions to act, to-wit:

(a) carelessly and negligently produced and sold a product which was unreasonably dangerous for its intended use;

(b) carelessly and negligently failed to inspect the produce in order to prevent defective products from reaching the plaintiff or other consumers;

(c) carelessly and negligently failed to warn the plaintiff of the risks inherent in the use of the defective product.

**ANSWER:** Defendant denies the allegations in paragraph 6, inclusive of subparagraphs (a) through (c).

7. That as a direct and proximate result of one or more of all of the foregoing negligent and careless acts or omissions, the plaintiff was severely and permanently injured. In seeking to be cured of those injuries, plaintiff has incurred and will likely incur substantial hospital and medical bills. Plaintiff has also endured and will continue to endure pain and suffering as a result of defendant's negligent acts. The plaintiff has lost large sums of money by reason of the inability to pursue normal gainful employment and plaintiff's ability to earn a livelihood has been permanently impaired.

**ANSWER:** Defendant denies the allegations in paragraph 7.

WHEREFORE, the Defendant, BARD ACCESS SYSTEMS, INC., denies that Plaintiff is entitled to judgment against it in any amount whatsoever, and prays that judgment be entered in its favor.

## Count II – Strict Liability – Product Defect

1.-5. Plaintiff repeats and realleges paragraphs one (1) through five (5) of Count I of his Complaint at Law as and for paragraphs one (1) through five (5) of Count II of his Complaint at Law, as though fully set forth herein.

**ANSWER:** Defendant incorporates its answers to paragraphs one (1) through five (5) of Count I as its answers to paragraphs one (1) through (5) of Count II as if fully set forth herein.

3

     6.     That at the time the aforesaid Port-a-Cath was designed, manufactured, distributed and sold by the defendant, BARD ACCESS SYSTEMS, INC. and at the time of the occurrence alleged herein, the Port-a-Cath was defective and, therefore, not reasonably safe in one or more of all of the following respects:

    (a)    the catheter broke completely at the 13 cm. depth marker and was made of inferior or adulterated materials;

    (b)    one-half of the 13 cm. depth marker was worn, indicating improper product assembly or shipping or packaging.

**ANSWER:**    Defendant denies the allegations in paragraph 7, inclusive of subparagraphs (a) through (b).

     8.     That as a direct and proximate result of one or more or all of the aforesaid defects, or as a result of unknown defects, the plaintiff was severely and permanently injured. In seeking to be cured of those injuries, plaintiff has incurred and will likely incur substantial hospital and medical bills. Plaintiff has also endured and will continue to endure pain and suffering as a result of defendant's negligent acts. The plaintiff has lost large sums of money by reason of the inability to pursue normal gainful employment and plaintiff's ability to earn a livelihood has been permanently impaired.

**ANSWER:**    Defendant denies the allegations in paragraph 8.

WHEREFORE, the Defendant, BARD ACCESS SYSTEMS, INC. denies that Plaintiff is entitled to judgment against it in any amount whatsoever, and prays that judgment be entered in its favor.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff knowingly and voluntarily assumed any and all risks associated with the matters alleged in the Complaint. Pursuant to the doctrine of assumption of the risk or informed consent, this conducts bars in whole or in part the damages that Plaintiff seeks to recover herein.

### Second Affirmative Defense

Plaintiff's claims are expressly and/or impliedly preempted by federal law.

### Third Affirmative Defense

Plaintiff's failure to warn claims are barred by virtue of the learned intermediary doctrine.

### Fourth Affirmative Defense

The product Plaintiff refers to in the Complaint complied with the state of the art in the design and manufacture of such devices at the time it was designed and manufactured.

### Fifth Affirmative Defense

Defendant has fully complied with all applicable governmental laws, regulations, and standards regarding the design, manufacture, sale, or distribution of the product alleged in Plaintiff's Complaint.

Respectfully submitted,

SEGAL MCCAMBRIDGE SINGER & MAHONEY

By: /s/ Kimberly Kayiwa
One of the Attorneys for Defendant
P. Mark Crane, Esq.
Kimberly A. Kayiwa, Esq.
233 South Wacker Drive, Suite 5500
Chicago, Illinois  60606

#890835.1